## HARRIS vs. THE COUNTY OF SULLIVAN.

A person confined in gaol for noncompliance with an order of court that he should give security, &c. on a complaint under the law relating to bastardy, is not a prisoner " confined on criminal process."

Chapter 226, § 5, Rev. St., which enacts that the court of common pleas shall allow the gaoler, out of the county treasury, " a reasonable compensation for the support of all prisoners confined on criminal process," does not render the county liable for the support of a person confined for noncompliance with an order of court issued upon proceedings against him under the bastardy act.

CLAIM against the county of Sullivan, for the support of Clark S. Colby under the following circumstances.

At the October term, 1843, of the court of common pleas for this county, there was a prosecution pending against Colby upon the complaint of Hannah C. Sholes, as the father of a bastard child ; and it was finally ordered by the court that the defendant should give security, &c. after the ordinary form in such cases, and stand committed until the order should be complied with. The defendant was committed to gaol for noncompliance with the order, and was there supported by the gaoler until the 10th day of February, A. D. 1844, when he complied with the order to the acceptance of the complainant.

No bond was tendered to the gaoler at the time the respondent was committed, nor since.

The gaoler, who is the claimant in this case, presented to the court of common pleas a claim against the county for the board of the respondent.

The court of common pleas desired the opinion of the superior court of judicature, whether the county of Sullivan be liable to pay this claim to the gaoler for the support of the respondent, by virtue of § 5, ch. 226, of the Revised Statutes, or whether it be the duty of the complainant to furnish a bond for such support under § 12, ch. 199, of the Revised Statutes.

*Harris, pro se.*

GILCHRIST, J. It is enacted by *sect.* 5, *ch.* 226, of the *Re-*

*vised Statutes*, that every gaoler shall provide each prisoner in his custody with necessary sustenance, &c. and the court of common pleas shall allow him out of the county treasury a reasonable compensation for the support of all prisoners confined on criminal process.

If Colby had been in confinement on criminal process, the gaoler, under this section, would be entitled to compensation for his support from the county. But we have held, in the case of *Marston* vs. *Jenness,* 11 *N. H. Rep.* 156, that the object of the bastardy act was not in any degree the punishment of an offence. The object of the law is to redress a civil injury, and for the purpose of affording this redress the legislature have authorized the employment of process usually applicable to criminal proceedings alone. But the process is merely the form by which the redress is sought. The purpose to be obtained is an indemnity; and it was decided in the case cited, that a complaint under this act was a civil suit, although the forms of proceeding were in some particulars of a criminal character. In the present case, Colby was not a prisoner confined on criminal process, in the sense intended by the 226th chapter. The 5th section we think applies only to prisoners under confinement for some crime, and the county is not liable for his support.

The 199th chapter of the Révised Statutes relates to persons imprisoned for debt. The 12th section enacts that any person at whose suit another is committed to gaol, shall give bond to the gaoler, with security, to pay the prison charges; otherwise the prisoner shall be discharged. As Colby was confined on process issued in a civil suit, it was the duty of the complainant to tender such a bond as the statute requires. The gaoler might have discharged Colby, if he had seen fit so to do; but as he did not do this, his compensation for the prisoner's support is a matter between the prisoner and himself, with which the county has nothing to do.

*Claim disallowed.*